# Alpheus D. Potts's Appeal.

---

## Estate of Daniel Potts, Deceased

Although an advancement must be a present gift, it does not make it any less such gift that it is part, or the whole, of what it may be supposed the donee will inherit on the death of the donor.

The facts that the donor required a judgment note to be given for the sum advanced, and that in his will he bequeathed that note "with accrued interest" to its maker, the recipient of the alleged advancement,—*Held,* to rebut all possible presumption that such present gift as is necessary to constitute an advancement was intended.

(Argued October 4, 1887.  Decided October 17, 1887.)

October Term, 1887, No. 40, W. D., before GORDON, Ch. J.,

NOTE.—If some obligation is taken by the decedent for money advanced, the transfer will be considered to have created a debt, and not an advance ment.  High's Appeal, 21 Pa. 283; Miller's Appeal, 40 Pa. 57, 80 Am. Dec. 555; Lang's Estate, 33 Pittsb. L. J. 9; Bittle v. Bittle, 2 Monaghan (Pa.) 17; Handy's Estate, 167 Pa. 552, 31 Atl. 983, 986; Eisenbrey's Estate, 180 Pa. 125, 36 Atl. 569; Strickler's Estate, 182 Pa. 253, 37 Atl. 999.  And such

PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Certiorari sur appeal from a decree of the Orphans' Court of Westmoreland County confirming the report of an auditor. Affirmed.

Daniel Potts died June 26, 1884, testate. His will contained the following clause: "To my son, Alpheus D., I give the note which I hold against him, together with the accrued interest."

Letters testamentary were granted to his executors, George W. Bierer and Alpheus D. Potts, son of the testator.

It appeared that Alpheus D. Potts desiring to be educated for the ministry, his father had expended the sum of about $2,000 on his education, the greater portion of which was spent during his minority. The father asked for and received of said Alpheus a note, dated May 28, 1877, for one year, calling for $2,000; at the time of making which Daniel Potts said to one of his daughters, Maggie J. Potts, that Alpheus was giving him, Daniel Potts, the note to show what he had got, so that he would not get any more after his father's death. The consideration of this $2,000 note was the expense formerly incurred by Daniel Potts in the education of his son.

Alpheus D. Potts, as one of the executors of said decedent, filed his account in which, being charged in the inventory with the amount of the said $2,000 note, he claims credit for the same as "not collectible." Exceptions to the allowance thereof having been filed by creditors of decedent's estate, the same was referred to an auditor who disallowed the credit and surcharged the account with the note and interest. To which surcharge the accountant filed, *inter alia,* the following exception: "The auditor erred in surcharging the accountant, A. D. Potts, with $2,000 and the interest thereon, the same being an advancement, and credit claimed in account for same." This exception, with the others, was, after argument, dismissed [2] by the court, and the report confirmed [1]; whereupon, this appeal was taken. Ap-

a transaction may be treated as creating a debt, though no security is given, when it appears that the money was to be accounted for. Levering v. Rittenhouse, 4 Whart. 130. The debt may by consent be changed into an advancement. Sickler's Appeal, 2 Monaghan (Pa.) 23, 17 Atl. 23. But not without. Doty v. Doty, 155 Pa. 285, 26 Atl. 548; Dewees's Estate, 3 Brewst. (Pa.) 314; Frey v. Heydt, 116 Pa. 601, 11 Atl. 535. Except by will, in which case the testator may so direct. Bird's Estate, 2 Pars. Sel. Eq. Cas. 168; Snider v. Snider, 149 Pa. 362, 24 Atl. 284. But the direction should be clear. Strock's Estate. 158 Pa. 355, 27 Atl. 1003.

pellant assigned as error: (1) The confirmation of the report; and (2) the dismissing of the above exception to the auditor's report.

*Jno. Armstrong, Marchand & Gaither,* for appellant.—The maintaining and education of a child is not deemed an advancement. Lentz v. Hertzog, 4 Whart. 523.

The presumption is that the parent makes these expenditures in the discharge of his parental duties. Riddle's Estate, 19 Pa. 433.

Such education is a parental duty. Miller's Appeal, 40 Pa. 60, 80 Am. Dec. 555.

All there is to warrant the auditor's conclusion that it was the intention of the parties that the moneys expended should be treated as a debt is the note itself. Merkel's Appeal, 89 Pa. 340; Kirby's Appeal, 109 Pa. 41.

As executor, A. D. Potts was bound to account for all the available assets of the estate of his testator, of which he died possessed, and which came into his hands as such. As a debtor he stands in the position of a stranger to the estate of said deceased, just like any other debtor; and if, by reason of insolvency, he is unable to meet his indebtedness, he cannot be surcharged in his account as executor with the amount thereof. The act of February 24, 1834, requires that all the bonds, notes, and other evidences of debt, shall, as far as the same may be known to the executor, be included in the inventory. Bell's Estate, 25 Pa. 95.

*Laird & Keenan, Wentling & Miller, I. E. Lauffer,* and *D. R. Snyder* for appellees.

Per Curiam:

After a careful examination of this case, we are obliged to concur in the conclusion arrived at in the court below.

It is altogether inexplicable that if the $2,000 note was intended by the testator as an advancement it should have been put into the form in which we now find it. An advancement is a present gift, and it does not make it any less a gift that it is part, or the whole, of what it may be supposed the donee may inherit on the death of the donor. But if this $2,000 was a present executed gift from Daniel Potts to his son, the appellant, it is re-

markable that for this same sum a judgment note should have been required by the father, and executed by the son. This act rebuts all possible presumption of a present gift, and if, by the testimony adduced on the part of the appellant, doubt is raised as to the intention of Daniel Potts, it is swept away by that clause in his will in which he bequeaths to his son this note "with accrued interest." This shows very conclusively that at the time of the making of that will he regarded this note as a subsisting obligation, and as an interest—bearing asset of his estate.

Decree affirmed, at the costs of the appellant.